[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Michael Shumski, brings this action against the defendant, Travis Kitchen for injuries sustained in a motor vehicle accident on February 10, 1992.
The matter was tried to the court by agreement of counsel as CT Page 3944 a hearing in damages on February 3, 1995. The only significant injury which still affects the plaintiff is the injury to his right knee.
The parties stipulated as to current medical bills of $19,598.74.
The full medical report that was submitted at trial contained a June 27, 1994 letter from Robert Green, M.D. Dr. Green states, "there is a possibility that if his symptoms persist he may require some procedure such as an Elmsie-Trillot to elevate the patella." The future estimated medical bills range from $4530.00 to $7492.00
"In evaluating damages in a tort action a trier is concerned with reasonable probabilities not with possibilities." Healy v.White, 173 Conn. 438, 443. In this case there was no evidence submitted stating within a reasonable degree of medical probability that the plaintiff would require future surgery on his knee. Accordingly, the plaintiff's claim for future estimated medical expense is denied.
There were some inconsistencies between the plaintiff's testimony at trial and his testimony in his deposition regarding his current state of health.
Edward M. Staub, M.D. operated on the plaintiff on June 8, 1992 and thereafter, on January 28, 1993 reported that plaintiff "walked normally". Dr. Staub went on to conclude that plaintiff has a 15% disability of the right lower extremity.
The plaintiff testified that he experienced significant pain and discomfort after a second surgery performed by Robert A. Stanton, M.D. on October 18, 1993. Ten days after the second surgery Dr. Stanton reported that the plaintiff was "doing quite well."
The court heard testimony regarding the effect of the injury on plaintiff's activities. The plaintiff testified that he must make some special accommodation for his knee when participating in sporting events or other activities. The plaintiff testified that he continues to play golf. Prior to the injury he walked the course, now he must use a cart. There is no claim for lost earnings or earning capacity. CT Page 3945
Mrs. Shumski testified that the injury has had a physical and emotional impact on her husband.
The court finds that the sum of $60,000.00, plus medical expenses of $19,598.74 is fair and equitable compensation for the injuries sustained by plaintiff, Michael Shumski.
RICHARD J. TOBIN, JUDGE